IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DEBORAH ADOLFSSON
on behalf of P.E.A., a minor                                                                          PLAINTIFF

v.                                            Case No. 3:12-CV-03114

HAROLD WALTER MCKAY and
AMY LEE MCKAY                                                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants Harold Walter McKay and Amy Lee McKay's Motion to Remand (Doc. 3) and Plaintiff Deborah Adolfsson's Response in Opposition (Doc. 6). Plaintiff removed this case from the Circuit Court of Baxter County, Arkansas, Probate Division, on August 28, 2012, citing as the basis for removal this Court's original jurisdiction of certain claims made pursuant to federal law, including the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A ("PKPA"), the Uniform Interstate Family Support Act, the Full Faith and Credit for Child Support Orders Act, and the Americans with Disabilities Act.[1]

Contrary to Plaintiff's contention, however, none of the federal statutes cited above constitute the basis for claims made in the instant case. At the time of removal, this case concerned the guardianship and potential adoption of Plaintiff's biological daughter, an eleven-year-old child referred to herein as P.E.A. Plaintiff contends that the Circuit Court of Baxter County improperly interfered in matters concerning P.E.A.'s custody and adoption. According to Plaintiff, an order

---

[1] Plaintiff also cited diversity of citizenship of the parties as a basis for removal pursuant to 28 U.S.C. § 1332(a). Section 1332(a) requires more than diversity of citizenship, however, to create federal subject-matter jurisdiction. Under the statute, the minimum amount in controversy of $75,000 must also be met. The case now before the Court involves the adjudication of custody, guardianship, and parental rights, with no money damages at issue. Therefore, § 1332(a) does not provide a valid basis for removal, as the minimum amount in controversy has not been established.

-1-

concerning P.E.A.'s custody had previously been entered by the Domestic Relations Court of Pasco County, Florida, and consequently, jurisdiction over the instant guardianship and adoption proceedings remained in Florida, rather than Arkansas.

As a preliminary matter, it appears that the issue of P.E.A.'s adoption is ongoing and has not been resolved by any state court. Given that background, the Court understands that Plaintiff does not seek a ruling on the merits of the pending adoption action; instead, Plaintiff asks this Court to "put the State Circuit (Probate) Court of Baxter County (at least its proceedings, not necessarily its judicial personnel) on trial" (Doc. 6, p. 6) for making determinations as to the guardianship and adoption of P.E.A. when proper jurisdiction lies, according to Plaintiff, in Florida. Plaintiff cites to the PKPA as legal authority for this Court's adjudication of the interstate jurisdictional dispute.

The basis for this Court's federal jurisdiction cannot be established through new claims for relief brought by Plaintiff post-removal; instead, federal subject-matter jurisdiction must exist at the time of removal. *See* 28 U.S.C. § 1441, *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002). In examining the claims brought in the instant case at the time of removal, it is evident that none involve a federal question. *See* 28 U.S.C. § 1331. All claims pertain to the custody of P.E.A., a child who is apparently the subject of a petition for adoption. These sorts of domestic relations-based claims are exclusively within the purview of the state courts and concern issues that the federal courts have no expertise to determine. *See Overman v. U.S.*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension."); *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained

in federal court."); *In re Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States).

Plaintiff's stated request for relief, to have this Court determine whether Florida or Arkansas has jurisdiction over matters concerning P.E.A.'s custody, cannot be accomplished even through the filing of an affirmative complaint in federal court. According to the Supreme Court, the PKPA, which is a federal statute that requires states to afford full faith and credit to valid child custody determinations made in other states' courts, does not provide a private right of action in federal court. *Thompson v. Thompson*, 484 U.S. 174, 187 (1988) ("In sum, the context, language, and history of the PKPA together make out a conclusive case *against* inferring a cause of action in federal court to determine which of two conflicting state custody decrees is valid.") (emphasis added). The appropriate forum for raising concerns as to the effects of a previous state court's custody decree is in the subsequent state custody proceeding. *Id.* If Plaintiff is concerned that Arkansas lacks the jurisdiction to make custody determinations regarding P.E.A., then Plaintiff may raise this argument in the Arkansas state court proceeding. This Court is not the proper venue for asserting this claim, particularly in the context of a removal action.

Accordingly, as there is no basis for federal jurisdiction over the removed case, **IT IS HEREBY ORDERED** that Defendants' Motion to Remand (Doc. 3) is **GRANTED**, and this case is **REMANDED** forthwith to the Circuit Court of Baxter County, Arkansas.

IT IS SO ORDERED this 30th day of November, 2012.

/s/P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE